**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Plaintiff,

CIVIL ACTION NO.: 17-cv-01818

vs.

LOUIS CALICCHIA; CHRISTINA CALICCHIA; JOSEPH CALICCHIA, JR; LISA CALICCHIA; JEANETTE CALICCHIA; CALADRI DEVELOPMENT CORP.; CARJEN FENCE NO. 1 CORP.; J. CALI, INC.; CARJEN FENCE CO., INC.; HUDSON VALLEY FENCE SUPPLY, INC.; CALI BROTHERS, INC. and CALI ENTERPRISES, INC.,

Defendants.

---

**FIRST AMENDED COMPLAINT**

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), by way of Complaint as against Defendants, Louis Calicchia; Christina Calicchia; Joseph Calicchia, Jr; Lisa Calicchia; Jeanette Calicchia; Caladri Development Corp.; Carjen Fence No. 1 Corp.; J. Cali, Inc.; Carjen Fence Co., Inc.; Hudson Valley Fence Supply, Inc.; Cali Brothers, Inc. and Cali Enterprises, Inc., alleges and says:

## JURISDICTION AND VENUE

1. Plaintiff, Travelers Casualty and Surety Company is a Connecticut corporation with a principal place of business in Hartford, Connecticut.

2. Defendant, Louis Calicchia, is a resident of the State of New York residing at 31 Farm Lake Court, Carmel, New York 10512.

3. Defendant, Christina Calicchia, is a resident of the State of New York residing at 31 Farm Lake Court, Carmel, New York 10512.

4. Defendant, Joseph Calicchia, Jr., is a resident of the State of New York residing at 451 Elizabeth Road, Yonkers, New York 10598.

5. Defendant, Lisa Calicchia, is a resident of the State of New York residing at 451 Elizabeth Road, Yonkers, New York 10598.

6. Defendant, Jeanette Calicchia, is a resident of the State of New York residing at 18 Stephanie Lane, Mahopac, New York 10541.

7. Defendant, Caladri Development Corp., is a New York corporation with its principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

8. Defendant, Carjen Fence No. 1 Corp., is a New York corporation with a principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

9. Defendant, J. Cali, Inc., is a New York corporation with a principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

10. Defendant, Carjen Fence Co., Inc., is a New York corporation with a principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

11. Defendant, Hudson Valley Fence Supply, Inc., is a New York corporation with a principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

12. Defendant, Cali Brothers, Inc., is a New York corporation with a principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

13. Defendant Cali Enterprises, Inc., is a New York corporation with a principal place of business situated at 1223 Park Street, Peekskill, New York 10566.

14. The amount in controversy, exclusive of interest, costs and legal fees, is substantially in excess of $75,000.00.

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (1) because there is complete diversity between the Plaintiff and the Defendants and the amount in controversy, exclusive of interest, costs and legal fees, is substantially in excess of $75,000.00. Further, the Defendants are located within this district.

16. This is an appropriate venue pursuant to 28 U.S.C.§ 1391 (b) (1) and (2) because the Defendants are located within this district and most of the relevant events occurred within this district.

**FIRST COUNT**

17. Plaintiff, Travelers, is engaged in the business of issuing surety bonds on behalf of contractors with respect to construction projects located within the State of New York.

18. Travelers was requested to issue surety bonds on behalf of Defendant, Caladri Development Corp. ("Caladri"). As a precondition to issuing such bonds, Travelers requested that all of the Defendants execute a General Agreement of Indemnity ("GAI"), a copy of which is annexed hereto as **Exhibit A** and incorporated herein. All of the Defendants did execute said General Agreement of Indemnity.

19. Thereafter, Travelers was requested to issue surety bonds on behalf of Defendant, Caladri.

20. Travelers did issue numerous performance, payment and lien discharge bonds on behalf of Defendant, Caladri.

21. As a result of Travelers issuance of said bonds, it has received numerous payment bond claims and has been sued in numerous lawsuits, including but not limited to:

(a) Arrow Steel Window Corp v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of Westchester, Index No. 55440/2016.

(b) Brenmac Construction, Inc. v. Travelers Casualty and Surety Company of America, United States District Court for the Southern District of New York, Civil Action No. 7:16-cv-09776-KMK.

(c) Capcon Construction Industries Corp. v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of Westchester, Index No. 67786/2016.

(d) Clean Air Quality Service, Inc. v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Westchester, Index No. 51224/2016.

(e) CMC Environmental Corp. v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of New York, Index No. 59209/2015.

(f) Constructive Resource Group Corp. d/b/a Architectural Door & Hardware v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of Westchester, Index No. 65930/2016.

(g) East Coast Wall Systems, LLC v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of New York, Index No. 65147/2015.

(h) Glassolutions Unlimited Corp. v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Orange, Index No. 007886/2015.

(i) Handcraft Cabinetry, Inc. v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of Westchester, Index. No. 56249/2016.

(j) Healy Electric Contracting, Inc. v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Westchester, Index No. 67995/2016.

(k) Kenbenco, Inc. d/b/a Benson Steel Fabricators v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of Westchester, Index. No. 70741/2015.

(l) Mackenzie Service Corporation v. Caladri Development Corp., et al., United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-09176-DLC.

(m) Milcon Construction Corporation v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Suffolk, Index No. 614900/2016.

(n) Ourem Iron Works, Inc. v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Westchester, Index No. 50834/2017.

(o) RLJ Electric Corp. v. Caladri Development Corp., et al., Supreme Court of the State of New York, County of Westchester, Index No. 65728/2016.

(p) Siteworks Contracting Corp. v. Caladri Development Corp., Supreme Court of the State of New York, County of Westchester, Index No. 64704/2016.

(q) Super LLC v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Westchester, Index No. 63924/2016.

(r) Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds v. Travelers Casualty and Surety Company of America, Supreme Court of the State of New York, County of Westchester, Index No. 68831/2016.

(s) D & J Concrete Corp. v. Louis Calicchia et al., Supreme Court of the State of New York, County of Westchester, Index No. 70890/2014.

In addition, Travelers has intervened in the following actions in an effort to recover and protect contract funds on bonded projects:

(a) Caladri Development Corp. v. Westchester County Health Care Corporation, Supreme Court of the State of New York, County of Westchester, Index No. 70152/2015.

(b) Caladri Development Corp. v. Westchester County Health Care Corporation, Supreme Court of the State of New York, County of Westchester, Index No. 51279/2016.

(c) Caladri Development Corp. v. The Board of Education of the Ossining Union Free School District, Supreme Court of the State of New York, County of Westchester, Index No. 68728/2015.

22. As a result of the payment bond claims and/or suits, Travelers has made payments and has also incurred significant legal expense.

23. The GAI provides in Section 5 as follows:

> **<u>5. Collateral Security:</u>** Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

24. Pursuant to said paragraph of the GAI, Travelers, by its counsel, sent a demand letter demanding that the Defendants/Indemnitors deposit with Travelers the sum of Two Million, Six Hundred Thirty-Nine Thousand, Five Hundred Fifty-Eight Dollars and Sixty-Seven Cents ($2,639,558.67). None of the Defendants/Indemnitors have complied with said demand notwithstanding their express agreement to do so as set forth in the GAI.

25. As set forth in Paragraph 5 of the GAI quoted above, the failure of the Defendants/Indemnitors to comply constitutes irreparable harm for which no remedy exists at law.

26. As a result of the foregoing, Plaintiff is entitled to injunctive relief compelling the Defendants, jointly and severally, to deposit said sum with Travelers. In the event that they fail to comply, it is respectfully submitted that injunctive relief should be granted precluding any of the Defendants from disposing of any assets during the pendency of this suit and/or pending their compliance with said demand for collateral security.

**WHEREFORE,** Travelers demands as against all Defendants, jointly and severally:

(A) Injunctive relief compelling them to deposit the sum of $2,639,558.67 with Travelers and, in the event they fail to do so, enjoining them from transferring any assets during the course of this litigation or until they comply with the demand for collateral security by depositing said amount with Travelers;

(B) Counsel Fees;

(C) Costs; and

(D) Such other relief as this Court deems proper.

**SECOND COUNT**

27. Plaintiff, Travelers, repeats and realleges the allegations contained in the First Count of this First Amended Complaint as if set forth herein in their entirety.

28. Pursuant to Paragraph 3 of the GAI:

> **3. Indemnification and Hold Harmless**: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn, statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

29. The term "Loss" as set forth in Paragraph 3 is defined on the first page of the GAI as:

> **Loss** – All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the

provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

30. Travelers has incurred Loss as defined in the GAI and Defendants are obligated to indemnify and save Travelers harmless from and against all Loss. Travelers also anticipates incurring additional Loss during the pendency of this suit.

31. Travelers is entitled to a judgment for all Loss incurred to date by Travelers as well as all Loss incurred by Travelers thereafter.

**WHEREFORE,** Travelers requests judgment as against Defendants, jointly and severally, for:

(A) Judgment in the amount of all Loss incurred by Travelers to date and thereafter with respect to all bonds it issued on behalf of Caladri and/or any of the Defendants;

(B) Counsel fees;

(C) Interest;

(D) Court costs; and

(E) Such other relief as this Court deems proper.

**THIRD COUNT**

32. Travelers incorporates by reference each and every allegation contained in the First and Second Counts of this First Amended Complaint.

33. Pursuant to the above-quoted Paragraph 3 of the GAI, Travelers is entitled to be exonerated with respect to all Loss.

34. Travelers has received a number of payment bond claims and has been sued in connection with various litigation pertaining to bonds it issued on behalf of Defendant, Caladri.

35. As a result, Travelers is entitled to be exonerated by all of the Defendants, jointly and severally, in connection therewith as well as in connection with any and all suits and/or claims received during the pendency of this case.

**WHEREFORE,** Travelers request judgment as against Defendants, jointly and severally, for:

(A) Complete exoneration with respect to all pending and future claims and/or suits against Travelers with respect to bonds it issued on behalf of any of the Defendants;

(B) Counsel fees;

(C) Interest;

(D) Court costs; and

(E) Such other relief as this Court deems proper.

**FOURTH COUNT**

36. Plaintiff, Travelers, repeats and realleges each and every allegation contained in the First, Second and Third Counts of this First Amended Complaint.

37. Caladri worked on numerous public projects in New York in connection with which Travelers issued bonds on its behalf.

38. Pursuant to New York law, the contract funds paid to Caladri in connection with the public projects are trust funds.

39. Furthermore, the GAI provides with respect to such funds as follows:

> **9. Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which Company as beneficiary may be liable under any Bond. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon

> demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of Company.

40. Upon information and belief, Caladri received trust funds which it did not pay to the appropriate subcontractors and/or suppliers in violation of New York law and the above quoted provision of the GAI.

41. As a result, Defendant, Caladri, is liable for trust fund violations.

42. Defendant, Louis Calicchia, was the President and Owner of Defendant, Caladri Development Corp., during all relevant time periods and also had control over the funds paid out by Caladri.

43. Defendant, Louis Calicchia, is therefore personally liable for all such trust fund violations.

**WHEREFORE,** Travelers requests judgment as against Defendants, Caladri Development Corp. and Louis Calicchia, jointly and severally, for:

(A) The amount of all trust fund violations;

(B) Counsel fees;

(C) Interest;

(D) Court costs; and

(E) Such other relief as this Court deems proper.

**FIFTH COUNT**

44. Plaintiff, Travelers, repeats and realleges each of the allegations contained in the First through Fourth Counts of this First Amended Complaint as if set forth herein in their entirety.

45. Defendant, Caladri, is liable to Travelers for indemnity and exoneration at common law.

**WHEREFORE,** Plaintiff, Travelers, requests judgment as against Defendant, Caladri Development Corp., for:

(A) Complete exoneration with respect to all pending and future claims and/or Losses;

(B) Complete indemnification with respect to all Losses and all future Losses;

(C) Counsel fees;

(D) Interest;

(E) Court costs; and

(F) Such other relief as this Court deems proper.

**SIXTH COUNT**

46. Plaintiff, Travelers, repeats and realleges each of the allegations contained in the First through Fifth Counts of this First Amended Complaint as if set forth herein in their entirety.

47. The GAI represents a valid contract between Plaintiff and Defendants.

48. Travelers, in reliance upon the GAI, issued numerous performance, payment and lien discharge bonds on behalf of Defendant, Caladri.

49. Defendants have failed to comply with their obligations under the GAI, including, but not limited to, failing to deposit collateral security with Travelers.

50. Travelers is entitled to specific performance by Defendants of their obligations pursuant to the GAI, including the obligation to provide collateral security.

51. If the Defendants are not required to specifically perform the obligation to provide collateral security to Travelers, then, as per the GAI, Travelers will be irreparably harmed.

52. Defendant J. Cali Inc. owns real property located at 1223 Park Street, Peekskill, NY ("Peekskill Property").

53. Defendant Jeanette Calicchia owns real property located at 18 Stephanie Lane, Mahopac, New York ("Mahopac Property").

54. The Peekskill Property is currently listed for sale.

55. The Mahopac Property is currently listed for sale.

56. If J. Cali, Inc. is permitted to proceed with the sale of the Peekskill Property, Travelers will be irreparably harmed because J. Cali, Inc. would be able to liquidate its asset without complying with the GAI. Further, J. Cali, Inc., if it were to be permitted to proceed with an arms length sale of the Peekskill Property, would be able to comply, in part, with its obligations to deposit collateral security with Travelers, by depositing the proceeds from the sale of the Peekskill Property with Travelers.

57. If Jeanette Calicchia is permitted to proceed with the sale of the Mahopac Property, Travelers will be irreparably harmed because Jeanette Calicchia would be able to liquidate her main asset without complying with the GAI. Further, Jeanette Calicchia, if she were permitted to proceed with an arms length sale of the Mahopac Property, would be able to comply, in part, with her obligations to deposit collateral security with Travelers, by depositing the proceeds from the sale of the Mahopac Property with Travelers.

58. Upon information and belief, if J. Cali, Inc. is permitted to proceed with the sale of the Peekskill Property and/or is not required to deposit the proceeds from the sale of the Peekskill Property with Travelers, Travelers would have no adequate remedy at law.

59. Upon information and belief, if Jeanette Calicchia is permitted to proceed with the sale of the Mahopac Property and/or is not required to deposit the proceeds from the sale of the Mahopac Property with Travelers, Travelers would have no adequate remedy at law.

60. Travelers is entitled to specific performance precluding J. Cali, Inc. from the sale of the Peekskill Property and/or compelling J. Cali, Inc. to deposit the proceeds from the sale of the Peekskill Property with Travelers.

61. Travelers is entitled to specific performance precluding Jeanette Calicchia from the sale of the Mahopac Property and/or compelling Jeanette Calicchia to deposit the proceeds from the sale of the Mahopac Property with Travelers.

**WHEREFORE,** Travelers requests judgment as against Defendants, J Cali Inc. and/or Jeanette Calicchia, for:

(A) Specific Performance precluding J. Cali, Inc. from the sale of the Peekskill Property and/or compelling J. Cali, Inc. to deposit all proceeds from the sale of the Peekskill Property with Travelers;

(B) Specific Performance precluding Jeanette Calicchia from the sale of the Mahopac Property and/or compelling Jeanette Calicchia to deposit all proceeds from the sale of the Mahopac Property with Travelers;

(C) Counsel fees;

(D) Interest;

(E) Court costs; and

(F) Such other relief as this Court deems proper.

Dated: March 27, 2017
New York, New York

**DREIFUSS BONACCI & PARKER, P.C.**

By: s/David C. Dreifuss
David C. Dreifuss
Paul H. Mandal
Five Penn Plaza, 23rd Floor
New York, New York 10001
- and -
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932
Telephone: (973) 514-1414
Facsimile: (973) 514-5959
ddreifuss@dbplawfirm.com
pmandal@dbplawfirm.com